Opinion delivered June 10, 1887.

## No. 6213.

### KIZZIE C. SWENSON *v.* SUN FIRE OFFICE.

1. INSURANCE.—A transfer of a policy of insurance as collateral security to one who already holds a mortgage on the insured premises, though made with the consent of the insurer, if there be no agreement on the part of the mortgagee to pay the premiums on the policy, or to perform any of the obligations originally assumed by the insured, or other consideration, will not prevent the policy from becoming void by a subsequent sale of the property made by the mortgagor without consent of the insurer, when, by the terms of the policy, it was to become void if such sale be made without such consent.

2. CASES DISTINGUISHED. — This case distinguished from the authorities referred to, in May on Insurance, as supporting the doctrine announced in section 276 of that work, and Hale v. Insurance Company, 6 Gray, 169, approved.

3. ASSIGNMENT OF POLICY OF INSURANCE.—By an assignment of a policy of insurance, with the consent of the insurer, the company is not regarded as yielding any of its rights as to the performance by the assured of all the conditions of the policy, and any violation by the assured of any of those conditions is fatal to a recovery by the assignee. The application of this principle is not affected by articles 266, 267, of the Revised Statutes.

APPEAL from Taylor. Tried below before Hon. William Kennedy.

*Sayles & Sayles* and *G. A. Kirkland,* for appellant, cited: Revised Statutes, articles 266, 267; May on Insurance, edition

1882, section 276, page 355; Foster v. Equitable Mutual Fire Insurance Co., 2 Gray, Massachusetts, 216; Bragg v. New England Mutual Fire Insurance Co., 5 Fost., New Hampshire, 289; Boynton v. Clinton and Essex Mutual Insurance Co., 16 Barb., New York, 254; Fogg v. Middlesex Mutual Fire Insurance Co., 10 Cush., Massachusetts, 337; Francis v. Butler Mutual Fire Insurance Co., 7 R. I., 159.

*Shepard & Miller*, for appellee, cited: Wood on Fire Insurance, second edition, volume 1, page 709, and notes 1 and 2, and volume 2, section 366 to 370, and note 3, and authorities there cited; Illinois Mutual Insurance Co. v. Fix, 53 Illinois 151; same case 5 American Reports, 38; Grosvenor v. Atlantic Fire Insurance Co., 17 New York, 609; Home Mutual Insurance Co., v. Houslim, 60 Illinois, 521; Carpenter v. Providence Washington Insurance Co., 16 Peters, 495; State Mutual Fire Insurance Co. v. Roberts, 31 Pennsylvania State, 438; Pupke v. Resolute Insurance Co., 17 Wisconsin, 378; Springfield Fire and Marine Insurance Co., v. Orlando Brown, 43; New York Court of Appeals 389.

WILLIE, CHIEF JUSTICE. Joseph Strickland effected with the appellee an insurance upon his dwelling house, and received a policy which, among other conditions, contained one to the effect that, if any change took place in the title to the property by sale, transfer or conveyance, without the consent of the company indorsed upon the policy, the policy should become void. Subsequently, with the proper consent of the appellee, Strickland assigned and delivered the policy to the appellants as additional and collateral security for a debt due them from him, which was already secured by a deed of trust upon the house insured, and the lots upon which it was situated. This deed of trust was in full force and effect when this suit was commenced. At a still later date Strickland executed and delivered to Elizabeth Strickland a warranty deed to the premises, and thereafter controlled and collected the rents upon the property as the agent of said Elizabeth. Neither the appellee nor the appellants had notice of the sale of the property until after the house was consumed by fire.

This suit was brought by the mortgagees to recover the insurance money, and the defense was that the conditions of the policy were violated on the part of the mortgagor by his con-

veyance to Elizabeth Strickland without the consent of the company. The court below sanctioned this defense and gave judgment for the company, and from this judgment the plaintiffs below prosecute this appeal.

It is not disputed by the appellants that the conveyance to Elizabeth Strickland was in violation of the terms of the policy, and would have avoided it had there been no assignment to the appellants. But it is contended that after the assignment was made no violation of its terms on the part of the assured would work a forfeiture as against the assignees.

In support of this proposition the following part of a section found in May on Insurance is cited:

"Though it be stipulated that the policy shall be void by alienation, this must be held to mean alienation by the party insured. If the original insured, by the consent of the insurers, assigns the policy, and the assignees agree with the insurers to pay all assessments which shall thereafter be made upon the policy, and that the property insured shall remain subject to the same lien as before, the legal effect of the transaction is to create a new, substantial and distinct contract with the assignees. It is substantially the same as if the policy had been issued to them. An alienation, therefore, by a mortgager of his equity of redemption, after an assignment of the policy, under the circumstances just stated, is not an alienation by the assured, but rather by a stranger, over whom the assignees have no control, and for whose acts they are not at all responsible, and does not avoid the policy." (Sec. 276.)

Admitting for the purposes of the present appeal that the above is an accurate statement of the law of insurance applicable to one holding policy by transfer as collateral security for a debt due him by the insured, we can not see that it is pertinent to the cause under decision. Some of the important facts upon which the right of an assignee to recover is thus made to depend are lacking in the present case. These are the agreement on his part to pay all assessments that shall thereafter be made upon the policy, and the further agreement that the property insured shall remain subject to the same lien as before. The authority that sustains the above proposition treat these particular facts as changing the contract created by the policy from one between the company and the original assured to one between the former and the assignee of the policy. Not only so, but they hold that they constitute a new consideration moving from the

assignee to the company, and for this reason, the terms of the original contract are so far changed as to make the assignee the assured—to substitute him in place of the assignor as the party who is to perform all the conditions upon which the continued validity of the policy is to depend. The assignee is in fact treated as if he were the party to whom the policy was originally issued, entitled to all the rights and subject to all the duties pertaining to that position.

The original policy forms the basis of the new contract, by which latter, for a new and independent consideration moving from the assignee, the company agrees to insure his interest, and these parties thereupon assume towards each other the position of insurer and insured. (Foster v. Ins. Co., 2 Gray, 216.) It may be, that if the transfer to a mortgagee is made with the consent of the insurers, and the mortgagee assumes all the obligations of the mortgagor as to liens and payments, which existed between the mortgagor and the company, a new contract is created with which the mortgagor has no concern, and which no conduct of his can affect. That is not the question we are called upon to decide.

Here there was no agreement on the part of the appellants to pay the premiums on the policy, or to perform any of the obligations originally assumed by Strickland. The mortgagees gave the company no consideration for its agreement to pay the insurance money to them in case it became due under the policy. The policy still continued as the contract between the original parties. The only effect of the assignment was to direct the insurers to pay the money in case of loss to the mortgagees instead of the insured. The terms of the contract remained the same. The mortgagor was still the insured, and the policy became forfeited in case its conditions were violated by him.

The company neither expressly nor impliedly waived any of these conditions, but merely consented that in case they were all complied with, it would pay the money to the mortgagees. The liability of the company depended upon its contract with Strickland, and it can not be claimed that without consideration it impliedly consented to any modification of that contract, by merely agreeing to pay the insurance money to another person designated by Strickland to receive it. Insurance companies are held rigidly to a compliance with their contracts, but the law can not make contracts for them different from those into which they have entered.

The decisions sustaining the rule as amended in the section quoted above were made in cases where mutual insurance companies were concerned. It would seem that these companies require members insuring their property to give notes for the premiums due or to become due upon their policies, and that these notes are liens upon the property insured. These are the liens referred to in the authorities cited by the appellants. In the cases supporting the citation from May on Insurance, the assignees either assumed the payment of these notes or became liable therefor by adding their signatures to those of the assignors; and the lien upon the property where one existed as security for the notes was preserved in favor of the company. (Foster v. Equitable Mutual Fire Insurance Co., 2 Gray, Massachusetts, 216; Bragg v. New England Mutual Fire Insurance Co., 5 Fost., New Hampshire, 289; Boynton v. Clinton and Essex Mutual Insurance Co., 16 Barb., New York, 254; Fogg v. Middlesex Mutual Insurance Co., 10 Cush., Massachusetts, 337; Francis v. Butler Mutual Fire Insurance Co., 3 R. I., 159.)

The leading decision is the one first cited from Massachusetts, and the citation from May is substantially in the language of this decision. But the Supreme Court of Massachusetts, in the subsequent case of Hale v. Insurance Company, 6 Gray, 169, a case in which no new consideration was given by the assignee, held that the latter was affected by all subsequent breaches of the conditions of the policy on the part of the assignor. This last case is directly in point with the present; the others are not. Some of the earlier decisions in New York held a doctrine in accordance with that contended for by the appellants, and one or more other States followed these decisions. But the later decisions of New York have overruled the previous cases in that State, and the doctrine that an assignment with no new consideration given to these insured by the assignee operates as a new contract between the parties, is now almost universally repudiated.

The true doctrine, and that borne out by numerous decisions, is that assumed by Mr. Wood in his work on Insurance, section 342, viz: "By an assignment of the policy, with the consent of the insurer, the company is not regarded as yielding any of its rights as to the performance by the assured of all the conditions of the policy, and any violation by the assured of any of the conditions of the policy is fatal to a recovery by the assignee." (See authorities cited in notes 2 and 3, p. 579, and vol. 1, p. 580.)

The case is, of course, different when the premises are sold and the policy assigned. The above recited doctrine is decisive of the present case. Articles 266 and 267 of our Revised Statutes do not affect the question. This is not merely a question as to a defense arising after the transfer of the instrument. The policy was to become void if the property was conveyed without the consent of the insurers. It was a condition, compliance with which was absolutely necessary to the right of recovery that the title should remain in the assured, unless it was conveyed with consent of the company. An assignment of a contract does not relieve either of the original parties from the performance of such conditions. If one gives his note to another payable on condition that the former does certain work and labor for the maker, an assignment of the note, though with the knowledge of the maker, could not make the latter liable for the money if the work was not performed.

The statute protects against defenses arising between the assignee and the maker after notice of the transfer. If the rule contended for by the appellant be correct, any obligee of an executory contract could transfer it to a third party, and force the obligor to comply with his promises, though the obligee had utterly failed to perform his, by merely giving to the former notice of the assignment. The proposition needs no further refutation than its mere statement.

We think the judgment below was correct, and it is affirmed.

*Affirmed.*